UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

February 14, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Stephanie E. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-343-CDA

Dear Counsel:

On February 7, 2023, Plaintiff Stephanie E. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8), the parties' briefs (ECFs 11, 15), and Plaintiff's Motion for Remand (ECF 11). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will GRANT Plaintiff's Motion for Remand, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration. This letter explains why.

I.   PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on June 22, 2018, alleging a disability onset of September 9, 2017. Tr. 235–49. Plaintiff's claims were denied initially and on reconsideration. Tr. 135–40, 142–46. On June 30, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36–75. On August 5, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 7–30. The Appeals Council declined to review the decision. Tr. 1–6. After Plaintiff sought judicial review, Tr. 875–79, this Court remanded Plaintiff's case to the SSA with the parties' consent, Tr. 870. The Appeals Council then vacated the August 5, 2020 decision and remanded the case to the ALJ. Tr. 857–63. The ALJ held another hearing on September 22, 2022. Tr. 824–56. On November 25, 2022, the ALJ again determined that Plaintiff was not entitled to benefits. Tr. 794–823. The November 25, 2022 decision constitutes the SSA's final, reviewable decision.

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on February 7, 2023. ECF 1. As Martin O'Malley became the Commissioner of Social Security on December 20, 2023, the Court substitutes him as this case's Defendant. *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. §§ 404.984(d), 416.1484(d).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 9, 2017, the alleged onset date." Tr. 800. At step two, the ALJ found that Plaintiff suffered from severe "Depression, Agoraphobia with Panic Disorder, Post-Traumatic Stress Disorder ('PTSD'), Attention-Deficit Hyperactivity Disorder ('ADHD'), Anxiety, Chronic Pain Syndrome ('CPS'), Lumbar and cervical Spine Degenerative Disc Disease ('DDD') with Spinal Stenosis and Osteoarthritis ('OA'), Bilateral Carpal Tunnel Syndrome ('CTS'), and Obesity." Tr. 801. The ALJ also determined that Plaintiff suffered from non-severe asthma. *Id*. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: She is able to stand/walk up to 4 hours in an 8-hour workday and is able to sit up to 6 hours in an 8-hour workday. She is able to adjust position every 45 minutes while remaining at or near the workstation or work area. She is limited to frequent use of either lower extremity for pushing/pulling or operation of foot controls. She is occasionally able to climb ramps or stairs but never able to climb ladders, ropes, or scaffolds. She is occasionally able to balance, stoop, kneel, crouch, or crawl. She is limited to frequent use of either upper extremity for fine fingering or grasping/handling of small objects. She must avoid concentrated exposure to fumes, odors, dust, gases, or poorly ventilated environments. She must avoid work at unprotected heights. She is able to understand and carry out simple instructions and routine, repetitive task[s]. She must avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co workers are side-by-side and the work of one affects the work of the others). She is able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated with normal breaks. She is occasionally able to change activities or work settings during the

> workday without being disruptive. She is occasionally able to deal with changes in a routine work setting. She is able to have occasional interaction with supervisors, co-workers, and/or the general public. She can occasionally work in close proximity to others without becoming distracted from work tasks. She can occasionally perform teamwork and/or work in tandem with others.

Tr. 804–05. The ALJ determined that Plaintiff could not perform any past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 813. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 814.

### III.   LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff raises two main arguments on appeal. First, she argues that the ALJ erred in assessing the RFC because the ALJ: (1) failed to support each of the RFC's conclusions with a narrative discussion; (2) based the RFC solely upon an analysis of Plaintiff's symptoms; (3) failed to evaluate pertinent MRI results; (4) "failed to consider" the evidence as a "longitudinal picture"; and (5) failed to properly evaluate the medical opinion of Dr. Mitchell Gutshall. ECF 11, at 4–15. Second, Plaintiff contends that the ALJ failed to properly evaluate her subjective complaints. *Id.* at 15–19. Defendant counters that "[t]he assessed [RFC] is adequately defined, reflects Plaintiff's limitations, and allows for proper review by this Court," and that the ALJ properly considered the supportability and consistency of Dr. Gutshall's opinion. ECF 15, at 6–12. Defendant further avers that the ALJ "followed the correct regulatory framework, applied the proper legal standard, and [relied on] substantial evidence" in assessing Plaintiff's subjective complaints. *Id.* at 16.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation

of a claimant's ability to perform the physical functions listed in 20 C.F.R. §§ 404.1545(b) and 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to . . . work." 20 C.F.R. §§ 404.1545(b), 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Plaintiff contends that the RFC lacks the support of substantial evidence because, among other reasons, the ALJ "provided no explanation to support" their determination that Plaintiff "was able to adjust position every 45 minutes while remaining at or near her work station." ECF 11, at 9. The Court agrees. In the decision dated August 5, 2020, the ALJ determined that Plaintiff had the RFC to "adjust position every forty-five minutes while remaining at or near the workstation or work area[.]" Tr. 15. Upon assessing that RFC on remand, the Appeals Council determined that the ALJ failed to clearly indicate how the "sit/stand option" was supported by the evidence. Tr. 860. Accordingly, the Appeals Council vacated the August 5, 2020 decision and remanded Plaintiff's case to the ALJ for "further assessment of the RFC." *Id*. Despite the Appeals Council's instruction, the ALJ's most recent decision repeats the error that the Appeals Council identified. In the decision now on appeal, the RFC limits Plaintiff to "adjust[ing] position every 45 minutes while remaining at or near the workstation or work area." Tr. 805. A careful review of the ALJ's decision reveals no explicit rationale for this limitation.

This Court has held that, when left unexplained, RFC provisions governing the adjustment of physical positions over the course of a workday warrant remand. *See Candace W. v. Kijakazi*, No. TJS-20-3344, 2022 WL 521967, at *3 (D. Md. Feb. 22, 2022); *Ronald J. v. Kijakazi*, No. GLS-21-01845, 2022 WL 3134446, at *2 (D. Md. Aug. 5, 2022). In *Candace W.*, a claimant's RFC required her to "sit or stand at 25 minute intervals, for no more than one to three minutes at a time." *Candace W.*, 2022 WL 521967, at *2. The Court observed that there was "no narrative discussion of what medical evidence led the ALJ to conclude that a break from sitting would be necessary after [25] minutes (as opposed to earlier or later), or why a 1–[3] minute break (rather than a longer one) would be adequate." *Id.* (brackets in original). Because the ALJ "fail[ed] to support the sit/stand option with evidence in the record," the Court remanded the case for further analysis. *Id.* at *3. Similarly, in *Ronald J.*, the Court found that remand was warranted when an ALJ failed to explain why a claimant "must be able to 'adjust position every [forty-five] minutes' at work to accommodate" his physical limitations. *Ronald J.*, 2022 WL 3134446, at *2 (brackets in original). Relying on the reasoning of *Candace W.*, the Court held that the ALJ's failure to justify the limitation and to explain how the claimant could remain on-task despite a "need to alternate between sitting and standing" warranted remand. *Id.* at *4.

Here, as in *Candace W.* and *Ronald J.*, the ALJ provided no explanation for determining that Plaintiff must adjust her physical position at specific intervals. The ALJ noted that a limitation to adjusting position every forty-five minutes, along with the RFC's other limitations, "accommodates [Plaintiff's] pain and limitations from her cervical and lumbar DDD and CPS[.]" Tr. 812. But the ALJ did not explain, either through reliance on medical opinions or other evidence, *how* adjusting positions every forty-five minutes would accommodate Plaintiff's physical issues. Nor did the ALJ explain how adjusting positions every forty-five minutes "rather than any other interval of time" was warranted based on the evidence of record. *Ronald J.*, 2022

WL 3134446, at *4. These gaps in the ALJ's analysis frustrate "meaningful substantial evidence review" and warrant remand. *Id.* (citing *Monroe v. Colvin*, 826 F.3d 176, 191 (4th Cir. 2016)).

The ALJ's failure to provide the necessary level of explanation may also have impacted their step-five determination. During the second hearing, the ALJ explained that "[b]eing able to adjust position every 45 minutes" necessitated "not leaving the work area or being off task for any extended period of time." Tr. 851–52. The ALJ did not explain what an "extended period of time" entails, *see id.*, but their explanation appears to indicate that Plaintiff's physical adjustments would cause her to be off task for *some* amount of time. In this respect, the vocational expert testified that "unscheduled breaks cannot exceed at [sic] 10% of the work shift." Tr. 853. While the RFC assessment provides that "time off task can be accommodated with normal breaks," Tr. 805, physical adjustments in intervals of forty-five minutes cannot be made within the temporal confines of normal breaks, *see* SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996) (noting that a normal workday consists of "a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals"). Moreover, the ALJ's failure to define the phrase "extended period of time" makes it unclear whether time spent off-task due to making physical adjustments every forty-five minutes would exceed the off-task percentage deemed work-preclusive by the vocational expert. For these reasons, the Court cannot conclude that the ALJ's failure to adequately support Plaintiff's RFC was harmless.

On remand, the ALJ must "fashion a 'logical bridge'" between the evidence and their conclusion regarding Plaintiff's need to adjust physical positions at specific intervals. *Ronald J.*, 2022 WL 3134446, at *4 (quoting *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020)). Because the case is being remanded on this basis, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and, if warranted, to adjust their decision accordingly. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

### V. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Remand (ECF 11) is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge